UNITED STATES BANKRUPTCY COURT
SOUTHTERN DISTRICT OF NEW YORK

In re:

ZACH EHRLICH

**Case No. 26-10537**

**AFFIRMATION IN SUPPORT**

Erica T. Itzhak, Esq., the managing attorney of THE YITZHAK LAW GROUP with offices located at 185 Great Neck Road, Suite 442, Great Neck, New York 11021, an attorney admitted to practice law in the Courts of the State of New York, hereby affirms the following to be true under penalties of perjury and pursuant to CPLR § 2106:

1. Our office represents the Debtor, Zach Ehrlich (hereinafter "Debtor"), in the above-captioned bankruptcy proceeding. I have reviewed the file and as such I am fully familiar with the facts and circumstances of this matter.

2. I respectfully submit this Affirmation in opposition to Creditor's motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and request this Court to (i) deny Creditor's motion in its entirety; (ii) maintain the automatic stay in full force and effect as to the subject premises; and (iii) for such other and further relief as this Court deems just and proper.

3. This matter arises from Creditor's attempt to obtain relief from the automatic stay in order to proceed with eviction proceedings against the Debtor from the residential premises where Debtor resides with his wife and their three minor children (the "Premises").

4. The lease for the Premises is in the name of Debtor's wife; however, Debtor has continuously resided at the Premises as his primary residence together with his family.

5. At the time of the filing of the instant bankruptcy petition, there was no judgment of possession entered against Debtor or his spouse.

6. Moreover, no warrant of eviction has been issued with respect to the Premises.

7. Accordingly, Debtor and his family maintain a lawful and continuous possessory interest in the Premises.

8. Debtor acknowledges prior rental arrears but has secured the ability to resume rent payments as of April 2026, thereby providing ongoing payments to Creditor.

9. Creditor has not demonstrated any immediate or irreparable harm, as there is no imminent eviction and no enforcement action currently pending.

10. Under 11 U.S.C. § 362(d)(1), relief from the automatic stay may only be granted for "cause," including lack of adequate protection.

11. Here, Creditor is adequately protected by Debtor's resumption of rent payments, which ensures ongoing compensation.

12. Additionally, Creditor has not alleged that the Premises are declining in value or that it faces any risk beyond ordinary rental arrears.

13. Under 11 U.S.C. § 362(d)(2), relief may only be granted where the movant establishes that the Debtor lacks equity in the property and that the property is not necessary to an effective reorganization.

14. Here, the Premises are necessary to Debtor's reorganization, as they serve as the primary residence for Debtor and his family, including three minor children.

15. Removal from the Premises would cause immediate and irreparable harm and would severely impair Debtor's ability to stabilize his financial affairs.

16. To the extent Creditor argues that Debtor is not a signatory to the lease, such argument is without merit.

17. It is well established that a debtor's possessory interest in property, even absent formal title or leasehold rights, is sufficient to invoke the protections of the automatic stay.

18. Debtor's continuous residence at the Premises with his family establishes a protected equitable interest sufficient to warrant continuation of the stay.

19. Relief under 11 U.S.C. § 362(d)(4) is likewise unwarranted, as Creditor has failed to demonstrate any scheme to hinder, delay, or defraud creditors.

20. Debtor filed this bankruptcy proceeding in good faith to preserve housing for his family and to reorganize his financial affairs.

21. Debtor's commitment to resume rent payments immediately further evidences good faith and intent to comply with his obligations.

22. Accordingly, Creditor has failed to meet its burden under 11 U.S.C. § 362(d), and the requested relief must be denied in its entirety.

**WHEREFORE**, your affirmant respectfully requests this Court to (i) deny Creditor's motion seeking relief from the automatic stay in its entirety; (ii) maintain the automatic stay in full force and effect as to the Premises; and (iii) grant such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York

April 13, 2026

**THE YITZHAK LAW GROUP**

*Attorneys for Debtor Zach Ehrlich*

//s// *Erica T. Yitzhak*
Erica T. Itzhak Esq.
185 Great Neck Road, Suite 442
Great Neck, New York 11021
(516) 466-7144
